**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D N.Y

---------------------------------------------------------------- X

ELVIA MOLINA GARCIA, on behalf of herself,
and all others similarly situated,

                               Plaintiff,

               - against -

BAGELICIOUS OF EAST MEADOW INC.
d/b/a BAGELICIOUS,
BAGELICIOUS OF BABYLON, INC.
d/b/a BAGELICIOUS, and
JOHN IORIO, an individual,

                          Defendants.

---------------------------------------------------------------- X

★ MAY 25 2012 ★

**Case No.:**

LONG ISLAND OFFICE

**COMPLAINT**

**CV-12 2643**

**FEUERSTEIN, J**

**BOYLE, M**

Plaintiff ELVIA MOLINA GARCIA, on behalf of herself, and on behalf of all others similarly situated, by and through her attorneys, SHULMAN KESSLER LLP, complaining of the defendants, alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this action seeking monetary damages and affirmative relief based upon defendants' violation of the Fair Labor Standards Act of 1938 (hereinafter referred to as "FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, the New York Labor Law (hereinafter referred to as "NYLL") and other appropriate rules, regulations, statutes and ordinances.

### STATEMENT PURSUANT TO LOCAL RULE 9

2.     For purposes of complying with Local Rule 9, plaintiff states that she has no corporate parent, subsidiary or affiliate and that there are no other interested parties.

1

## JURISDICTION & VENUE

3.     Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.     This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

5.     Defendants do business in the State of New York, within the Eastern District of New York, maintaining places of business at 1864 Front Street, East Meadow, New York, 487 Bellmore Avenue, East Meadow, New York and 114 Deer Park Avenue, Babylon, New York.

6.     Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

7.     The plaintiff ELVIA MOLINA GARCIA is a resident of the County of Columbia, State of Pennsylvania.

8.     At all times relevant to the complaint, plaintiff ELVIA MOLINA GARCIA was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

9.     That the plaintiff ELVIA MOLINA GARCIA was employed by the defendants from in or about November 2006 until in or about May 2010.

10.     That during the course of her employment with the defendants, the plaintiff ELVIA MOLINA GARCIA was a kitchen worker.

2

11.   Upon information and belief, defendant BAGELICIOUS OF EAST MEADOW INC. was and still is a domestic corporation organized and existing pursuant to the laws of the State of New York.

12.   Upon information and belief, defendant BAGELICIOUS OF EAST MEADOW INC.'s places of business was and still is at 1864 Front Street, East Meadow, New York 11554 and 487 Bellmore Avenue, East Meadow, New York 11554.

13.   Upon information and belief, and at all times hereinafter mentioned, the defendant BAGELICIOUS OF EAST MEADOW INC. was and still is engaged in the bagel and deli business.

14.   Upon information and belief, the defendant BAGELICIOUS OF EAST MEADOW INC. was and still is doing business as Bagelicious.

15.   At all times hereinafter mentioned, defendant BAGELICIOUS OF EAST MEADOW INC. was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

16.   Upon information and belief, defendant BAGELICIOUS OF BABYLON, INC. was and still is a domestic corporation organized and existing pursuant to the laws of the State of New York.

17.   Upon information and belief, defendant BAGELICIOUS OF BABYLON, INC.'s principal place of business was and still is at 114 Deer Park Avenue, Babylon, New York 11702.

18.   Upon information and belief, and at all times hereinafter mentioned, the defendant BAGELICIOUS OF EAST MEADOW INC. was and still is engaged in the bagel and deli business.

19.   Upon information and belief, the defendant BAGELICIOUS OF BABYLON, INC. was and still is doing business as Bagelicious.

3

20.     At all times hereinafter mentioned, defendant BAGELICIOUS OF BABYLON, INC. was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

21.     Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO owns and/or operates the defendant BAGELICIOUS OF EAST MEADOW INC.

22.     Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO is the President of the defendant BAGELICIOUS OF EAST MEADOW INC.

23.     Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO is the Vice-President of the defendant BAGELICIOUS OF EAST MEADOW INC.

24.     Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO is a shareholder of the defendant BAGELICIOUS OF EAST MEADOW INC.

25.     Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO is a corporate officer of the defendant BAGELICIOUS OF EAST MEADOW INC.

26.     Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO is the Chief Executive Officer of the defendant BAGELICIOUS OF EAST MEADOW INC.

27.     Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO is an agent of the defendant BAGELICIOUS OF EAST MEADOW INC.

28.     Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO has the authority over personnel decisions for the defendant BAGELICIOUS OF EAST MEADOW INC.

29.     Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO has the authority over payroll decisions for the defendant BAGELICIOUS OF EAST MEADOW INC.

30.     Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO has the authority to hire and fire employees for the defendant BAGELICIOUS OF EAST MEADOW INC.

31.     Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO maintains the employment records for the defendant BAGELICIOUS OF EAST MEADOW INC.

32.     Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO supervised and controlled employee work schedules for the defendant BAGELICIOUS OF EAST MEADOW INC.

33.     Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO owns and/or operates the defendant BAGELICIOUS OF BABYLON, INC.

34.     Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO is the President of the defendant BAGELICIOUS OF BABYLON, INC.

35.     Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO is the Vice-President of the defendant BAGELICIOUS OF BABYLON, INC.

36.     Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO is a shareholder of the defendant BAGELICIOUS OF BABYLON, INC.

37.     Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO is a corporate officer of the defendant BAGELICIOUS OF BABYLON, INC.

5

38.    Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO is the Chief Executive Officer of the defendant BAGELICIOUS OF BABYLON, INC.

39.    Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO is an agent of the defendant BAGELICIOUS OF BABYLON, INC.

40.    Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO has the authority over personnel decisions for the defendant BAGELICIOUS OF BABYLON, INC.

41.    Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO has the authority over payroll decisions for the defendant BAGELICIOUS OF BABYLON, INC.

42.    Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO has the authority to hire and fire employees for the defendant BAGELICIOUS OF BABYLON, INC.

43.    Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO maintains the employment records for the defendant BAGELICIOUS OF BABYLON, INC.

44.    Upon information and belief, and at all times hereinafter mentioned, the defendant JOHN IORIO supervised and controlled employee work schedules for the defendant BAGELICIOUS OF BABYLON, INC.

45.    At all times hereinafter mentioned, the defendant JOHN IORIO was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

6

46.     Defendant JOHN IORIO has the power to make binding decisions for defendant BAGELICIOUS OF EAST MEADOW INC.

47.     Defendant JOHN IORIO has the power to make binding decisions for defendant BAGELICIOUS OF BABYLON, INC.

48.     Defendants constitute a "joint employer" as defined by section 3(d) of the FLSA and 29 U.S.C. § 203(d), other federal applicable statutes, as well as defined by N.Y. Lab. Law §§ 2(6), 190(3), and 651(6).

49.     At all times hereinafter mentioned, the activities of the defendants constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

50.     At all times hereinafter mentioned, defendants employed employees, including the plaintiff herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s) (A)(i).

51.     At all times hereinafter mentioned, defendants BAGELICIOUS OF EAST MEADOW INC. and BAGELICIOUS OF BABYLON, INC's annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

7

## FACTS

52.    Plaintiff ELVIA MOLINA GARCIA was an employee of the defendants, working under their direct supervision.

53.    Plaintiff ELVIA MOLINA GARCIA typically worked at defendants 487 Bellmore Avenue, East Meadow, New York, location on Monday through Friday each workweek during her employment with defendants.

54.    Plaintiff ELVIA MOLINA GARCIA typically worked at defendants 1864 Front Street, East Meadow, New York, location on Saturdays each workweek during her employment with defendants.

55.    Plaintiff ELVIA MOLINA GARCIA occasionally worked at defendants 114 Deer Park Avenue, Babylon, New York, location when defendants were short-staffed during her employment with defendants.

56.    At all times hereinafter mentioned, plaintiff ELVIA MOLINA GARCIA was required to be paid overtime pay at the statutory rate of time and one-half (1 and 1/2) her regular rate of pay after she had worked forty (40) hours in a workweek.

57.    Plaintiff ELVIA MOLINA GARCIA worked more than sixty-five (65) hours in most workweeks in which she was employed by the defendants.

58.    Defendants failed to compensate the plaintiff ELVIA MOLINA GARCIA for time worked in excess of forty (40) hours per week at a rate of at least one and one-half (1 and 1/2) times her regular hourly rate, throughout the entire term of her employment with the defendants.

59.    Plaintiff ELVIA MOLINA GARCIA worked more than ten (10) hours on most workdays in which she was employed by the defendants.

8

60.     Defendants failed to compensate the plaintiff ELVIA MOLINA GARCIA for time worked in excess of ten (10) ten hours per day, throughout her employment.

61.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate time sheets and payroll records.

62.     Defendants denied plaintiff time off for meals and breaks.

63.     On numerous occasions, plaintiff received neither the thirty (30) minute noonday break period for employees who work shifts in excess of six (6) hours that extend over the noonday meal period, not the additional twenty (20) minutes between 5:00 p.m. and 7:00 p.m. for those employed on a shift starting before 11:00 a.m. and continuing after 7:00 p.m.

## COLLECTIVE ACTION CLAIM

64.     Upon information and belief, there are approximately twenty-five (25) current and former employees that are similarly situated to the plaintiff, who have been denied overtime compensation.  The named plaintiff is representative of those other workers and is acting on behalf of the defendants' current and former employees' interests as well as her own interest in bringing this action.

65.     Plaintiff seeks to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following class of persons:

> All persons who are currently or have been employed by the defendants, at any time during the three (3) years prior to the filing of their respective consent forms, who were kitchen workers.

66.     Similarly situated former and current employees are readily identifiable and locatable through use of the defendants' records.  These similarly situated employees should be notified of and

9

allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the plaintiff, who have been unlawfully deprived of overtime pay, in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the defendants.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, AND THE FLSA COLLECTIVE CLASS, FOR FAILURE TO PAY OVERTIME AN FLSA VIOLATION

67.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "66" of the Complaint, with the same force and effect, as if fully alleged herein.

68.     Defendants employed plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

69.     The complete records concerning the number of hours worked by the plaintiff as well as the compensation plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiff is unable to state at this time the exact amount due and owing to her.

70.     Plaintiff has expressed her consent to make these claims against the defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (*See* Exhibit "A," annexed hereto).

71.     As a consequence of the willful underpayment of wages, alleged above, the plaintiff has incurred damages thereby and the defendants are indebted to her in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION ON
## BEHALF OF PLAINTIFF
## FOR FAILURE TO PAY OVERTIME
## A NYLL VIOLATION

72.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "71" of the Complaint, with the same force and effect, as if fully alleged herein.

73.     Defendants employed plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half (1 and 1/2) times the regular hourly rate, in violation of the requirements of NYLL.

74.     The complete records concerning the number of hours worked by the plaintiff as well as the compensation plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of the defendants, and as such, the plaintiff is unable to state at this time the exact amount due and owing to her.

75.     By the course of conduct set forth above, defendants have violated New York Labor Law § 650, *et seq.*; 12 N.Y.C.R.R. § 146-1.4.

76.     Defendants have a policy and practice of refusing to pay overtime compensation to the plaintiff.

77.     Defendants' failure to pay overtime compensation to plaintiff was willful within the meaning of N.Y. Lab. Law § 663.

78.     As a consequence of the willful underpayment of wages, alleged above, the plaintiff has incurred damages thereby and the defendants are indebted to her in the amount of the unpaid overtime compensation and such other legal and equitable relief from the defendants' unlawful and willful conducts as the Court deems just and proper.

11

79.     Plaintiff seeks recovery of liquidated damages, attorneys' fees, and costs to be paid by the defendants as provided by the NYLL.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF FOR VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR NEW YORK LABOR LAW VIOLATION

80.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "79" of the Complaint, with the same force and effect, as if fully alleged herein.

81.     Defendants failed to pay plaintiff one (1) additional hour pay at the basic minimum wage rate before allowances for each day plaintiff's spread of hours exceeded ten (10), in violation of New York Labor Law §§ 190, *et seq.* & 650, *et seq.*, as codified by 12 N.Y.C.R.R. §§ 146-1.2 & 146-1.6.

82.     Defendants failed to pay plaintiff in a timely fashion, as required by Article 6 of the NYLL.

83.     Defendants' failure to pay plaintiff an additional hour pay for each day plaintiff's spread of hours exceeded ten (10) was willful within the meaning of N.Y. Lab. Law § 663.

84.     As a result of the foregoing, plaintiff has been injured, and defendants have profited thereby, in an amount to be proven at trial.

12

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of herself and the FLSA Collective Class, respectfully requests that she be awarded the following relief, on the first cause of action:

a.  Judgment against defendants for plaintiff's unpaid back wages at the applicable overtime rate;

b.  An equal amount to the overtime wage damages as liquidated damages;

c.  Judgment against defendants that their violations of the FLSA were willful;

d.  To the extent liquidated damages are not awarded, an award of prejudgment interest;

e.  All costs and attorneys' fees incurred prosecuting these claims; and

f.  For such further relief as the Court deems just and equitable.


WHEREFORE, plaintiff prays for the following relief as follows, on the second cause of action:

a.  Judgment against defendants for an amount equal to plaintiff's unpaid back wages at the applicable overtime rate;

b.  Liquidated damages at the applicable rate;

c.  All costs and attorneys' fees incurred in prosecuting these claims; and

d.  For further relief as this Court deems just and equitable.

13

WHEREFORE, plaintiff prays for the following relief as follows, on the third cause of action:

a.      Judgment against defendants for an amount equal to plaintiff's unpaid back wages;

b.      All costs and attorneys' fees incurred in prosecuting these claims; and

c.      For further relief as this Court deems just and equitable.

Dated: Melville, New York
       May 23, 2012

Yours, etc.,

SHULMAN KESSLER LLP

By: _____
        Troy L. Kessler, Esq.
        Marijana F. Matura
        Ilan Weiser, Esq.
        *Attorneys for Plaintiff and the*
        *Putative Collective Class*
        510 Broadhollow Road, Suite 110
        Melville, New York 11747
        (631)499-9100
        tk@shulmankessler.com
        mm@shulmankessler.com
        iw@shulmankessler.com

14

## **EXHIBIT "A"**

**Consent Form**

## BAGELICIOUS OF EAST MEADOW, INC., et al.
## PLAINTIFF CONSENT FORM

        I hereby consent to join the lawsuit against Bagelicious of East Meadow, Inc., et al., to assert claims against them for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, _et seq._

        I hereby designate Shulman Kessler LLP to represent me in the suit.

_____
Signature

_____
Print Name

_____
Address

_____
City, State and Zip Code

## FORMA DE CONSENTIMIENTO DE DEMANDANTE
## DE BAGELICIOUS OF EAST MEADOW, INC., et al.

        Por este medio consiento para afiliarme al pleito contra Bagelicious of East Meadow, Inc., y. Al-., para afirmar reclamaciones contra ellos para violaciones del Acto de Estándares de Trabajo Justo, 29 Congreso de los Estados Unidos § 201, _et seq._

        Por este medio designo a Shulman Kessler LLP para representarme en el pleito.

_____
Firma

_____
Nombre en Letra

_____
Dirección

_____
Ciudad, Estado y Código Postal